**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GLOBAL WEATHER PRODUCTIONS, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-cv-01130-L** |
| | § | |
| **DTX MEDIA GROUP, LLC,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion for Default Judgment ("Motion") (Doc. 16), filed December 2, 2025. After careful consideration of the Motion, pleadings, record, evidence, and applicable law, the court **grants** the Motion.

## I. Background

Global Weather Productions, LLC ("Plaintiff") brought this action against DTX Media Group, LLC ("Defendant") alleging copyright infringement. On January 30, 2023, Michael Brandon Clement ("Clement") published a video of vehicles sliding while driving on a bridge in Dallas, Texas following an ice storm (the "Video"). Doc. No. 1 ¶ 14. On March 9, 2023, the Video was registered with the United States Copyright Office ("USCO"). *Id.* ¶ 16. On June 4, 2023, Plaintiff acquired the rights in and to the Video from Clement via a written assignment. *Id.* ¶ 18.

On January 31, 2023, Defendant displayed the Video on its Twitter account (now known as "X") without permission from Plaintiff. *Id.* ¶ 23. Although the Video was displayed by Defendant prior to Plaintiff obtaining a copyright, Plaintiff alleged that Defendant continued to infringe on the copyright despite being notified of such infringement. *Id.* ¶ 42. Plaintiff is seeking

statutory damages pursuant to 17 U.S.C. § 504(c), plus attorney's fees and costs pursuant to 17 U.S.C. § 505. Doc. No. 16-2 ¶ 11.

On May 13, 2024, summonses were issued to Defendant, and on May 20, 2024, they were returned executed. Doc. Nos. 6-7. On August 26, 2024, Plaintiff moved for a clerk's entry of default against Defendant and on August 26, 2024, the clerk's default was entered. Doc. Nos. 8-9.

## II. Default Judgment Standard

A default judgment is considered a drastic remedy that is not favored by the Federal Rules of Civil Procedure and resorted to only in extreme situations. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). A party is not entitled to a default judgment as a matter of right, even when the defendant is technically in default. *Id.* Because it is preferrable to determine an action on the merits, courts resolve any doubt as to whether default should be entered in favor of hearing the case on the merits. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, /84 F.3d 137, 141 (5th Cir. 1996). Once a defendant is in default, the court accepts as true all the well-pleaded facts set forth in the complaint aside from those relating to damages. *See Frame v. S-H, Inc.,* 967 F.2d 194, 205 (5th Cir. 1992) ("Unlike questions of actual damage, which must be proved in a default situation, conduct on which liability is based may be taken as true as a consequence of the default.") (citations omitted). A default judgment conclusively establishes a defendant's liability on the merits. *Leedo Cabinetry v. James Sales & Distrib.*, 157 F.3d 410, 414 (5th Cir. 1998) (citation omitted).

In failing to answer or otherwise respond to a plaintiff's complaint, a defendant admits the well-pleaded allegations of the complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). On the other hand, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc*., 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). A default judgment may not be entered against an infant or incompetent person unless represented in the action by a general guardian, conservator, or other like fiduciary who has appeared. Fed. R. Civ. P. 55(b)(2). Likewise, a default judgment may not be entered against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 3931.

## III. Discussion

### A. Default judgment is procedurally warranted.

The clerk entered default against Defendant. *See* Doc. No. 10. The court, therefore, must now determine whether default judgment is appropriate. Default judgment is appropriate in the circumstances set forth in *Lindsey v. Prive Corp*., 161 F.3d 886, 893 (5th Cir. 1998).

First, Defendant failed to file a responsive pleading. Accordingly, there are no material issues of fact. Thus, the court may take as true the pleadings demonstrating all material facts underlying the claim. *See* Doc. No. 1. *Lindsey*'s first prong thus favors default judgment.

Second, nothing in the record shows substantial prejudice to the Defendant should the court enter default judgment. *See Lindsey*, 161 F.3d at 893. Plaintiff properly served Defendant, and it has had ample opportunity to respond in this matter. *See* Summons, Doc. No. 7.

The third and fourth elements also support default judgment because the grounds of Defendant's default are clearly established, and nothing indicates this default is due to "a good

faith mistake or excusable neglect." *See Lindsey*, 161 F.3d at 893. Despite being afforded multiple opportunities to do so, Defendant failed to respond to the Complaint or file any other pleadings explaining this unresponsiveness. *Lindsey*'s fifth factor, therefore, also supports default judgment. *See Lindsey*, 161 F.3d at 893; *see also Joe Hand Promotions, Inc. v. Tacos Bar & Grill, LLC*, 2017 WL 373478, at *2 (N.D. Tex. 2017) ("Entering default judgment against [Defendant], who has taken no action to respond to this action, is not 'harsh.'") (*quoting Lindsey*, 161 F.3d at 893); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc*., 2013 WL 1828671, at *3 (N.D. Tex. 2013) ("[Defendant] has had over five months to answer or otherwise respond to Plaintiff's Complaint, mitigating the harshness of a default judgment.").

Finally, nothing in the record indicates that the court would be obligated to set aside the default judgment if challenged by Defendant. *See Lindsey*, 161 F.3d at 893; *see also Moreno v. LG Elecs.*, 800 F.3d 692, 698 (5th Cir. 2015) (noting district courts are not obliged to set aside a default upon defendant's motion when "the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense"). Accordingly, the *Lindsey* analysis reflects that default judgment is proper here.

**B. The Complaint establishes a viable claim for relief.**

Having found default judgment appropriate under *Lindsey*, the undersigned looks next to whether the Complaint establishes a sufficient basis for default judgment. For the reasons that follow, the court finds that the complaint establishes a copyright infringement claim.

To state a claim for copyright infringement Plaintiff must prove: "(1) ownership of a valid copyright, and (2) copying [by the defendant] of constituent elements of the work that are original." *General Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) (quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361(1991). To prove actionable copying under the

second element, Plaintiff may show direct evidence of copying or circumstantial evidence demonstrating both: (1) that Defendant actually used the copyrighted material to create its own work and (2) when compared as a whole the video posted by Defendant has probative similarity to the Video copyrighted by Plaintiff. *Id.*

Here, the Complaint establishes that Plaintiff owned a valid copyright of the Video. Doc. No. 1 ¶ 16. Moreover, Plaintiff submitted the copyright registration which is *prima facie* evidence of validity. Doc. No. 16-6; 17 U.S.C. § 410(c); *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995). The complaint also states that on January 31, 2023, Defendant displayed the copyrighted Video, and Plaintiff points to screenshots of the copyrighted Video and the video uploaded on Twitter ("X") by Defendant. Doc. No. 1 ¶ 23 & Exs. 1-2.

**C. A hearing on damages is not necessary because Plaintiff is seeking statutory damages.**

A hearing is not necessary to establish Plaintiff's damages because they can be determined with mathematical calculation by reference to the pleadings and supporting documents. *See Joe Hand Promotions, Inc. v. Alima*, 2014 WL 1632158, at *3 (N.D. Tex. Apr. 22, 2014) ("Damages must be proven by a hearing or a demonstration of detailed affidavits establishing the necessary facts. If the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary.") (citing James, 6 F.3d at 370). Plaintiff is seeking $30,000 in statutory damages, $1,119 in attorney's fees, $445 in costs, and post-judgment interest. Doc. No. 16-1 at 13.

I. <u>Statutory Damages</u>

A copyright owner may either recover actual or statutory damages. 17 U.S.C. § 504(a). Statutory damages may range from $750 to $30,000 per infringement. 17 U.S.C. § 504(c)(1). Plaintiff argues that Defendant's infringement was willful by virtue of his default, and that it is

common practice for district courts within the Fifth Circuit to award $30,000 in statutory damages per infringement. Doc. No 16-1 at 8.

Plaintiff does not provide any Fifth Circuit cases that hold by virtue of a default Defendant can be found to have acted willfully. There is, however, an abundance of district court cases that make this assertion. *See JTH Tax LLC v. Brown, No.* 3:24-CV-02083-K-BT, 2025 WL 2524304 at *11 (N.D. Tex. Sept. 2, 2025) (citing *Real Est. Edge, LLC v. Campbell,* No. 1:17-CV-1093-RP, 2019 WL 830966 at *6 (W.D. Tex. Feb. 21, 2019) ("Here, [plaintiff's] infringement of [defendant's] mark can be characterized as deliberate or willful because, by virtue of his default, he is deemed to have admitted to knowingly and intentionally infringing [defendant's] trademark."); *Nutrition & Fitness, Inc. v. Younus*, No. 3:17-CV-880-K, 2018 WL 4112867 at *3 (N.D. Tex. Aug. 3, 2018), *report and recommendation adopted*, No. 3:17-CV-880-K, 2018 WL 4103730 (N.D. Tex. Aug. 28, 2018) ("A defendant can be deemed to have admitted that he acted willfully by virtue of his default.") (citing *Neutron Depot, LLC v. Bankrate, Inc*., No. 2:14-CV-192, 2016 WL 215544 at *4 (S.D. Tex. Jan. 19, 2016). Thus, the court finds that Defendant acted willfully when it infringed on Plaintiff's copyright because it has defaulted in this lawsuit.

Regarding Plaintiff's request for $30,000 in statutory damages, trial courts are given broad discretion to determine damages within the bounds permitted by the statute. *See F. W. Woolworth Co. v. Contemp. Arts*, 344 U.S. 228, 231-32 (1952). Plaintiff points to three orders from district courts in the Fifth Circuit where plaintiffs have been awarded $30,000 in statutory damages for copyright infringement without explanation as to licensing fees or actual damages. Doc. No. 16-1 at 8. First, *Pena v. One Gods Way Media, LLC*, 3:23-cv-01392-D (N.D. Texas Jan. 31, 2024) which counsel for Plaintiff, Craig Sanders, was counsel for the plaintiff. In *Pena*, the judge signed what appears to be a proposed order submitted by counsel that includes no explanation as to why a $30,000

award was appropriate. Second, Plaintiff cites *Trinkhaus v. Nativity Tours and Travel Inc.*, 4:22-cv-03156 (S.D. Texas, Nov. 28, 2023) another case where Sanders was counsel for the plaintiff, and the judge appears to have signed a proposed order submitted by counsel with no explanation as to the award of damages. Finally, Plaintiff points to *Bee Creek Photography v. J. Rene Walker*, 1:19-cv-62-LY (W.D. Texas, June 2, 2020), again a case where Sanders was counsel for the plaintiff, and the Judge did not explain the reason for the court's award. In another case out of the Western District of Texas; however, the judge determined that a statutory damages award of $2,500 was appropriate given that there was no evidence of the plaintiff's licensing fees or actual damages. *See Bee Creek Photography v. Austin Media Rooms LLC*, No. 1:23-CV-1270-RP, 2025 WL 2550869 (W.D. Tex. Sept. 4, 2025). While the court does not think that $2,500 in statutory damages is sufficient, it also finds that $30,000 is excessive without any evidence of Plaintiff's fees or actual damages. Plaintiff's contention that Defendant's behavior was willful is well taken; thus, the court awards Plaintiff $20,000 in statutory damages. This is so because Plaintiff put Defendant on notice of its infringement, but Defendant continued its infringing behavior. Doc. No. 1 ¶ 42; Doc. No. 16-4. By this statement of Plaintiff, the court reasonably infers that the Video has not been removed from Defendant's Twitter ("X") account.

II. Attorney's Fees, Costs, and Postjudgment Interest

Plaintiff requests $1,190 in attorney's fees. Doc. No. 16-1 at 9. The court must use the lodestar method for determining the reasonableness of Plaintiff's requested attorney's fees. *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 380 (5th Cir. 2010). This takes into consideration the hours reasonably expended, multiplied by the prevailing hourly rate in the community for similar work. *Id.* In support of this request, Plaintiff only submits the affidavit of its lawyer, Craig Sanders, which states that his hourly rate is $700 and that he worked 1.7 hours on the case. Doc. No. 16-2 ¶¶ 22 &

24. The party seeking fees bears the burden of establishing the market rate and should present the court with some evidence so that the court can determine the reasonableness. Although Sanders's affidavit states that $700 is reasonable in Washington D.C., the market is determined based on where the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The undersigned finds that attorney's fees of $450 an hour in a copyright case is reasonable. *See Verch v. White Rock Sec. Grp.*, 2020 WL 4550419, at *5 (N.D. Tex. June 30, 2020) (Rutherford, J.) (finding that attorney rate of $425 per hour in copyright case is reasonable in 2020), *adopted by* 2020 WL 4530716 (N.D. Tex. Aug. 6, 2020) (Scholer, J.). Thus, Plaintiff is awarded $765 in attorney's fees.

Plaintiff requests $445 in costs. Doc. No. 16-1 at 9. 17 U.S.C. § 505 allows the prevailing party to recover full costs incurred in protection of its copyright. The court finds that Plaintiff is entitled to $445 in costs. Finally, Plaintiff is entitled to postjudgment interest in the amount of 4.05%. 28 U.S.C. § 1961.

## II. Conclusion

For the reasons stated above, the court **grants** Plaintiff's Motion for Default Judgment (Doc. 16). Plaintiff is **awarded $20,000** in statutory damages, **$765** in attorney's fees, and **$445** in costs plus post judgment interest of **4.05%.** As required by Federal Rule of Civil Procedure 58, the court will issue a judgment by separate document.

**It is so ordered** this 3rd day of September, 2026.

Sam A. Lindsay
United States District Judge